(123 So. 102)

## HUTCHINSON v. STATE. (7 Div. 550.)

Court of Appeals of Alabama. June 18, 1929.

L. H. Ellis, of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant, under proper proceedings instituted against him by one Millie Endress (Code 1923, c. 85, §§ 3416–3439), was found guilty of being the father of the illegitimate child of the said prosecutrix.

That the prosecutrix was a single woman of the age of 19 years at the time of trial, and that she had been, out of wedlock, delivered of a child which she had with her while testifying as a witness in the case, was without dispute. Her testimony pointed to the guilt of the appellant as the child's father. As a witness on his own behalf appellant stoutly denied ever having had intercourse with the prosecutrix.

In this state of the case, the solicitor was allowed, over the timely objection of appellant, to elicit from the prosecutrix the statement that her mother was dead. Proper exception was reserved to the ruling of the court which permitted this.

We are constrained to hold, and do hold, the said action of the court prejudicially erroneous.

Everybody knows that when, in any county in this state, a 19 year old girl, with a baby in her arms, testifies that any named man is said child's father, said named man, before a jury of that county, has a rather uphill job in refuting said girl's testimony. And this is true, be he ever so innocent of the charge made by her.

It was altogether immaterial and irrelevant to the issue in this case as to whether prosecutrix's mother was living or dead. The fact that she was dead was bound, in the nature of our people, and hence the jurors trying the case, to excite sympathy for the prosecutrix, resulting, from the character of the proceeding, in prejudice toward appellant.

The judgment is reversed, and the cause remanded.

Reversed and remanded.